IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 7-ELEVEN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-04292-L** |
| | § | |
| **DIGITAL DISPLAY NETWORKS, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Digital Display Networks, Inc.'s ("Defendant") Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration and for a Stay of the Litigation (Doc. 13), filed December 28, 2012. The motions were referred to Magistrate Judge Irma C. Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), on September 4, 2013, recommending that the court deny Defendant's motions but dismiss the suit without prejudice. No objections to the Report were filed.

On or about October 28, 2008, 7-Eleven, Inc. ("Plaintiff") and Defendant entered into a Digital Signage Agreement ("DSA"), which stated that Defendant would "provide a turn-key network of high definition digital video monitors, digital media players and related components in 7-Eleven retail outlets located in the United States and Canada, as well as provide digital content for display on such network primarily consisting of in-store and third-party advertisements." Pl.'s Original Compl. 3. The DSA contained an arbitration clause. Pl.'s Ex. A 25. On or about October 1, 2009, Plaintiff and Defendant also entered into a Network Services Agreement ("NSA"), which was ancillary to the provision of services set forth in the DSA. *Id*.

On October 24, 2012, Plaintiff filed this suit against Defendant, alleging that it breached the NSA. Pl.'s Original Compl. 5. On December 28, 2012, Defendant moved to dismiss or, in the alternative, to compel arbitration and for a stay of the litigation. On May 2, 2013, Defendant filed a notice explaining to the court that Plaintiff filed an arbitration claim. Defendant asserted that Plaintiff's claim of breach of the NSA in this lawsuit is "virtually identical to its claim in the arbitration." *Id*. at 2. Defendant stated that the "allegations that form the basis for 7-Eleven's claim in arbitration that [Defendant] breaches the Digital Signage Agreement are *exactly* the same as the allegations that [sic] for the basis of its claim for breach of the Network Services Agreement." *Id*.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the magistrate judge's findings and conclusions. Accordingly, the court **denies with prejudice** Defendant's motion to dismiss, **denies as moot** Defendant's motion to compel arbitration, and **denies** the motion to stay the proceedings. The court, however, does not agree with the magistrate judge's recommendation that the action be dismissed without prejudice. The court agrees that all claims are subject to arbitration. When a court determines that all claims are subject to arbitration, dismissal of the action with prejudice is appropriate and within the court's discretion. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Therefore, the court **dismisses this action with prejudice**.

**It is so ordered** this 20th day of September, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge